USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1|9|2017

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-against-

JONATHAN TORRES,

Defendant.

11-Cr-389 (SHS)

14-Cv-2604 (SHS)

OPINION & ORDER

SIDNEY H. STEIN, U.S. District Judge.

Petitioner Jonathan Torres brings this motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Because petitioner's claims are time-barred and because his claims fail on the merits, his motion is denied.

I. BACKGROUND

Torres was charged in an indictment with one count of conspiring to distribute and possess with intent to distribute one kilogram and more of mixtures and substances containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. (Indictment, Doc. No. 25, ¶¶ 1–3.)

On February 22, 2012, pursuant to a written plea agreement, Torres pleaded guilty before this Court to the lesser-included offense of conspiracy to distribute and possess with intent to distribute 100 grams and more of mixtures and substances containing a detectable amount of heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. (Plea Tr., Ex. B. to Gov't's Opp'n, Doc. No. 144, at 10–11, 22; Plea Agreement, Ex. A to Gov't's Opp'n, Doc. No. 144, at 1.) In his plea agreement, Torres stipulated to "conspir[ing] to distribute at least 3 kilograms of heroin," a guidelines offense level of 33, a criminal history category of VI as a career offender, and a resulting sentencing guidelines range of "235 to 293 months" imprisonment. (Plea Agreement at 2, 4.) When the Court asked Torres if he had agreed "to distribute and possess with intent to distribute at least 100 grams of heroin" at the plea hearing, Torres replied "yes." (Plea Tr. at 19.)

At Torres's sentencing on May 29, 2012, this Court departed horizontally from criminal history category VI down to criminal history category III because "the career offender category of VI substantially overstates the seriousness of the prior criminal history" and determined the applicable sentencing guidelines range was 168 to 210 months' imprisonment. (Sentencing Tr., Ex. C. to Gov't's Opp'n, Doc. No. 144, at 22.) The Court then imposed a substantially below-guidelines sentence of 120 months. (Judgment, Doc. No. 127, at 2.)

Torres did not appeal his conviction or sentence, and his time to file an appeal has expired. On April 1, 2014, Torres filed this *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Mot. to Vacate, Doc. No. 138.)

## II. DISCUSSION

Torres seeks to vacate his 120-month sentence on the grounds that, first, he is actually innocent of conspiring to possess or distribute 3 kg of heroin in violation of 21 U.S.C. § 841(b)(1)(A), which Torres believes to be the basis of his sentence. Torres claims that according to the presentence investigation report, he only knowingly conspired to possess or distribute 346 g of heroin. (Pet'r's Br., Doc. No. 139, at 6.) Second, Torres argues that he received ineffective assistance of counsel because he was erroneously advised to plead guilty to violating 21 U.S.C. § 841(b)(1)(B) and to stipulate to conspiring to possess or distribute at least 3 kg of heroin. (Id. at 9; Plea Agreement at 1–2.) Essentially, Torres argues that although he voluntarily pleaded guilty to 21 U.S.C. § 841(b)(1)(B) (100 grams or more of heroin), he was ultimately sentenced for a violation of the indictment's *original* charge of 21 U.S.C. § 841(b)(1)(A) (1 kg or more of heroin) as a result of the plea agreement's stipulation that he conspired to distribute at least 3 kg of heroin.

### A. Torres's 2255 habeas petition is barred by AEDPA's 1-year statute of limitations.

A Section 2255 motion for federal habeas relief is subject to the 1-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act. 28 U.S.C. § 2255(f). That limitations period runs from the latest of: "(1) the date on which the judgment of conviction becomes final; (2) the

date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." *Id.*

Torres's limitations period began running on the date his conviction became final pursuant to 28 U.S.C. § 2255(f)(1), and the Court has no basis to conclude that any other start date listed in 28 U.S.C. § 2255(f) applies. The judgment of conviction was entered in this case on June 1, 2012. Because Torres did not appeal his conviction or sentence, his conviction became final on June 18, 2012, "the day after his time to appeal expired." *See Wims v. United States*, 225 F.3d 186, 188 (2d Cir. 2000); FED. R. APP. P. 4(b)(1)(A), 26(a)(1)(C). Torres did not file his Section 2255 motion until April 1, 2014 (Doc. No. 138), considerably more than one year after the limitations period began running; his motion is therefore time-barred.

Torres urges that his motion was timely because, pursuant to 28 U.S.C. § 2255(f)(3), his one-year limitations period began running on May 28, 2013, the date of the U.S. Supreme Court's decision in *McQuiggin v. Perkins*, and ended on May 28, 2014, thus making the filing of this petition timely. *McQuiggin* held that new evidence of "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in [*Schlup v. Delo*, 513 U.S. 298 (1995)] and [*House v. Bell*, 547 U.S. 518 (2006)], or, as in this case, expiration of the statute of limitations." 133 S. Ct. 1924, 1928 (2013). Torres argues that this actual innocence exception applies to him because he was "actually innocent" of conspiring to possess or distribute at least 3 kg of heroin.

Regardless of whether a "newly recognized" and "retroactively applicable" right was established in *McQuiggin*, the actual innocence exception does not apply to Torres because he has not asserted or identified any evidence whatsoever of his actual innocence. *See id.* at 1933 ("The miscarriage of justice exception, we underscore, applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'"

3

(quoting *Schlup*, 513 U.S. at 329)). Torres is therefore not entitled to rely on Section 2255(f)(3) or the actual innocence gateway through AEDPA's statute of limitations.

Even if Torres had identified new evidence, the actual innocence exception is "severely confined" and applies only if the new evidence shows that it would have been "more likely than not that no reasonable juror would have convicted [him]" of conspiring to distribute or possess at least 3 kg of heroin. *Id.* at 1933. Actual innocence would have been, at a minimum, extremely difficult for Torres to prove. The Government recovered heroin "just shy of 3 kilograms" in the home of co-conspirator Joel Vasquez (Sentencing Tr. at 19), which in combination with the 346 g that Torres specifically admitted to dealing, rendered Torres potentially liable for dealing in at least 3 kg of heroin. (Sentencing Tr. at 19.) *See United States v. Johnson*, 633 F.3d 116, 118 (2d Cir. 2011) (per curiam) ("It is well settled that individual defendants are responsible for all reasonably foreseeable quantities of drugs distributed by a conspiracy of which they were members."). The Government also had "months and months" of wiretapped conversations discussing at least 3 to 10 kg of heroin over the course of the conspiracy. (Sentencing Tr. at 19.) The timing of this petition—almost two years after the conviction—further colors "the reliability of the evidence purporting to show actual innocence." *McQuiggin*, 133 S. Ct. at 1928 (quotation marks and alteration omitted).

## B. Even if the motion were not time-barred, Torres's claim of ineffective assistance of counsel would fail on the merits.

Even assuming *arguendo* that Torres's Section 2255 motion was not time-barred, his ineffective assistance of counsel claim would fail on the merits.

To establish ineffective assistance of counsel, Torres must show that his attorney's representation fell below "an objective standard of reasonableness" under "prevailing professional norms" and that he was prejudiced as a result of the allegedly defective conduct. *Strickland v. Washington*, 466 U.S. 668, 687–88, 693 (1984). To establish prejudice, the petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In the context of plea negotiations, a petitioner "must

4

show that that there is a reasonable probability that were it not for counsel's errors, he would not have pled guilty and would have proceeded to trial." *United States v. Kimber*, 777 F.3d 553, 563 n.1 (2d Cir. 2015) (citing *United States v. Arteca*, 411 F.3d 315, 320 (2d Cir. 2005)). In particular, where the petitioner claims that counsel "misled him as to the possible sentence which might result from a plea of guilty, . . . the issue is whether the defendant was aware of actual sentencing possibilities, and if not, whether accurate information would have made any difference in his decision to enter a plea." *Arteca*, 411 F.3d at 320.

Based on a liberal reading of petitioner's *pro se* submissions on this motion, Torres contends that he signed the plea agreement, waived trial, and pled guilty because his attorney made erroneous representations to him prior to the signing of the plea agreement that the Government would be able to prove that he conspired to distribute 1 to 3 kg of heroin in violation of 21 U.S.C. § 841(b)(1)(A) and, if found guilty, he faced a life sentence. His attorney allegedly also told him that by pleading guilty to the lesser offense of violating 21 U.S.C. § 841(b)(1)(B)—which he did—Torres would be sentenced to "only" 78 to 97 months. (Pet'r's Br. at 4–5, 7.)

Even when construed liberally, Torres's claims are simply not credible and do not overcome *Strickland*'s "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," *Strickland*, 466 U.S. at 689. In light of the Government's extensive wiretap evidence and the heroin recovered from his co-conspirator's home, his attorney reasonably predicted that the Government would be able to prove a conspiracy involving 1 to 3 kg of heroin. Torres does not proffer any evidence of his attorney's supposed promise of a 78 to 97 month sentence. On the contrary, Torres was fully "aware of actual sentencing possibilities." *Arteca*, 411 F.3d at 320. The plain terms of the signed written plea agreement show that Torres had adequate notice of the stipulated guideline range of 235 to 293 months. (Plea Agreement at 4.)

At the plea hearing, Torres confirmed that the plea agreement constituted his "complete and total understanding of the entire agreement between the government, [his] attorney, and [himself]"; he also confirmed that, pursuant to the agreement, he had "agreed to waive [his] right to collaterally attack the sentence if [the Court] sentence[d him] to 293 months or less." (Plea Tr. at 17–18.) In any event, a "'mistaken prediction' of the sentence to be imposed generally does not rise to the level of ineffective

assistance of counsel." *Marte v. United States*, Nos. 11 Civ. 3269, 02 Cr. 1490, 2012 WL 2953723, at \*6 (S.D.N.Y. July 20, 2012) (citing *United States v. Sweeney*, 878 F.2d 68, 70 (2d Cir. 1989) (per curiam)).

Torres has also failed to show that he was prejudiced by any allegedly erroneous sentencing advice from his lawyer. First, he has not established a reasonable probability that, but for his counsel's advice, he would have rejected the plea offer. The plea agreement stated that his sentence would be "determined solely by the Court," that the "Guidelines are not binding on the Court," and that the Government "cannot, and does not, make any promise or representation as to what sentence the defendant will receive." (Plea Agreement at 4–5.)

At the plea hearing, Torres stated under oath that he understood "if anyone has attempted to estimate or predict what [his] sentence [was] going to be, or even if [he] [had] a belief [himself] as to what [his] sentence [wa]s going to be, those estimates or predictions or beliefs could all be wrong." (Plea Tr. at 16.) The record shows that any potentially erroneous advice received by Torres would have been contradicted by his written plea agreement and, more significantly, the plea colloquy.

Torres's assertions in this motion do not overcome the "strong presumption of veracity" afforded to his sworn statements at his plea allocution. *See United States v. Torres*, 129 F.3d 710, 715 (2d Cir. 1997); *see also United States v. Hernandez*, 242 F.3d 110, 112 (2d Cir. 2001) (per curiam) ("[T]he district court was entitled to rely upon the defendant's sworn statements, made in open court . . . that he understood the consequences of his plea, had discussed the plea with his attorney, knew that he could not withdraw the plea, understood that he was waiving his right to appeal a sentence below 120 months, and had been made no promises except those contained in the plea agreement.").

Second, even if the Court were to credit the arguments in Torres's petition and his memorandum of law that he would have gone to trial if not for counsel's erroneous advice, Torres has not proffered "objective evidence that he would have [rejected] the plea offer had he received adequate pre-trial counseling" such as evidence sufficient to show "[an insignificant] disparity between the terms of a plea offer and his ultimate sentence exposure after a trial conviction." *Cf. Puglisi v. United States*, 586 F.3d 209, 217 (2d Cir. 2009). Without the plea agreement, Torres risked being charged

6

with a prior felony information, which would have lengthened his potential sentence. (Plea Agreement at 1.) In addition, Torres does not challenge his guilt as to conspiring to possess or distribute heroin of 100 g or more, in violation of 21 U.S.C. § 841(b)(1)(B). If he had elected to proceed to trial, there was a high likelihood that he would have been convicted for at least 346 g of heroin. This would have likely resulted in a sentence substantially higher than the one stipulated to in the plea agreement because, *ceteris paribus*, any benefit in the guidelines sentence based on a smaller amount of heroin would have been subsumed by his career offender status and failure to timely accept responsibility under the sentencing guidelines. *See* U.S.S.G. § 4B1.1(b) (establishing minimum offense level for career offenders); U.S.S.G. § 3E1.1 (potential three-level reduction for timely acceptance of responsibility).[1] And finally, Torres made no attempt to withdraw his guilty plea and go to trial prior to this belated Section 2255 petition. *See Gonzalez v. United States*, 722 F.3d 118, 132 (2d Cir. 2013) ("[T]he strength of the government's evidence and the severity of the possible punishment are not always determinative on the issue of whether, in the absence of substandard advice from counsel, a particular defendant would have decided to plead guilty or to go to trial.")

### C.  Torres is not entitled to an evidentiary hearing.

A petitioner is entitled to an evidentiary hearing on his Section 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).   A hearing is warranted if the motion "set[s] forth specific facts supported by competent evidence, raising detailed and controverted issues of fact that, if proved at a hearing, would entitle him to relief." *Gonzalez*, 722 F.3d at 131. Section 2255 "does not imply that there must be a hearing where the allegations are 'vague, conclusory, or palpably incredible.'" *Id.* at 130–31. "To warrant a hearing on an ineffective assistance of counsel claim, the defendant need establish only that he has a 'plausible' claim of ineffective assistance of counsel, not that 'he will necessarily succeed on the claim.'" *Puglisi*, 586 F.3d at 213.

---

[1] *See* 2011 edition of the United States Sentencing Commission Guidelines Manual.

The record here conclusively shows that the prisoner is entitled to no relief because the motion is time-barred and Torres has not set forth any new evidence whatsoever of actual innocence permitting him to overcome this hurdle.

An evidentiary hearing on Torres's ineffective assistance of counsel claim is also not warranted because his allegations are not supported by "competent evidence," *see Gonzalez*, 722 F.3d at 134, and his claim, as alleged, is not plausible under *Strickland*. When "viewing the evidentiary proffers, where credible, and the record in the light most favorable to the petitioner," Torres's ineffective assistance claim fails to establish a *"prima facie* case for relief." *See Puglisi*, 586 F.3d at 213. He has not stated a plausible claim of unreasonable performance by his trial counsel, and he has not set forth a plausible claim of prejudice. "[A] district court need not assume the credibility of factual assertions, as it would in civil cases, where the assertions are contradicted by the record in the underlying proceeding." *Id.* at 214.

For each of those reasons, Torres's request for an evidentiary hearing is denied.

## III. CONCLUSION

For the reasons set forth above, Torres's motion is denied. Because Torres has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253(c)(2); *Lucidore v. N.Y. State Div. of Parole*, 209 F.3d 107, 111–13 (2d Cir. 2000). Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this Order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 445–46 (1962).

Dated:  New York, New York
        January 9, 2017

SO ORDERED:

Sidney H. Stein, U.S.D.J.

8